## Commonwealth *v.* Gadson, Appellant.

Submitted March 24, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Andrea Commaker Levin, Douglas Riblet,* and *John W. Packel,* Assistant Defenders, and *Benjamin Lerner,* Defender, for appellant.

*Guy R. Sciolla, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 24, 1975:

Appellant raises four objections to his conviction in the court below. As two of these objections have not been properly preserved for direct appeal, and the remaining two lack merit, the judgment of sentence must be affirmed.

The facts giving rise to this case, as found by the trial judge, are as follows: On February 14, 1974, Officer Holmes, an undercover policeman, and his partner, parked their unmarked car near 23rd Street and Columbia Avenue in Philadelphia. They observed a group of youths, including the appellant, taunting another gang across the street. The appellant gestured as if to draw a weapon. His group then ran across the street and chased the other group down 23rd Street. Officer Holmes then heard three gun shots. The officers ran toward the scene of the altercation and apprehended the appellant, who was running towards them on 23rd Street. A frisk of the appellant revealed a .22 caliber revolver with three spent cartridges and one live cartridge, and a 14-inch butcher

knife. The gun and knife were introduced into evidence at the trial.[1]

Appellant was found guilty of conspiracy (18 Pa. C.S. §903)[2] to commit riot and disorderly conduct (Indictment No. 2126); possession of an instrument of crime (concealed weapon) (18 Pa.C.S. §907(b)) and possession, etc., of a prohibited offensive weapon (18 Pa. C.S. §908) (Indictment No. 2127); carrying a firearm on public streets or public property in Philadelphia (18 Pa. C.S. §6108) and carrying a firearm concealed on his person without a license (18 Pa.C.S. §6106), both being violations of the Uniform Firearms Act (Indictment No. 2128); and disorderly conduct (18 Pa.C.S. §5503(a)(1)) (Indictment No. 2129). Appellant was sentenced to concurrent terms of imprisonment of one to two years (Indictment No. 2126); two and one-half to five years (Indictment No. 2127); and one to two years (Indictment No. 2128). Sentence was suspended on Indictment No. 2129.

It does not appear that the appellant filed any written post-trial motions. Instead, after the close of the evidence, appellant's counsel made a short statement to the court, apparently arguing that the court should disbelieve the officer's testimony that he found the weapons on the appellant's person. The judge then announced his findings of guilt. The appellant's counsel then asked, "Would your Honor permit me to make motions for a new trial and/ or arrest of judgment at this time and incorporate my prior argument?" The court apparently allowed the appellant to make such a motion, then immediately denied it.[3] This appeal followed.

---

1. Another witness, a friend of the appellant, gave a differing account. The lower court specifically refused to credit this testimony.

2. Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334.

3. It appears that effective January 27, 1975, the requirement that post-trial motions in a criminal case be in writing will be

Appellant first claims that the jury waiver colloquy was deficient, in that appellant was not advised that the verdict of the jury must be unanimous. See *Commonwealth v. Williams*, 454 Pa. 368, 312 A. 2d 597 (1973). Defense counsel advised the appellant that "[y]ou could not be convicted unless the twelve people, all the jurors together, find beyond a reasonable doubt you were guilty." Appellant contends that this language might indicate that only a majority of the jurors would have to agree to the verdict. Although it would be preferable for the party conducting the colloquy to use the word "unanimous", this minor variation does not amount to error.

Second, appellant contends that it was error for the trial judge to hear the case in chief after having heard an unsuccessful motion to suppress evidence, in which allegedly inadmissible testimony was introduced. However, this issue was not raised in post-trial motions and therefore cannot be considered on direct appeal. *Commonwealth v. Reid*, 458 Pa. 357, 326 A.2d 267 (1974); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

Third, appellant contends that the lower court erred in imposing separate sentences on certain charges which should have been treated as merged. Appellant contends that it was error to impose sentence on the charges of possession of an instrument of crime and possession of a prohibited offensive weapon, as well as on the Uniform Firearms Act violations. A similar objection was raised in *Commonwealth v. Tisdale*, 233 Pa. Superior Ct. 77, 80, 334 A. 2d 722, 723 (1975); we held that it was waived because it was not raised in the lower court. In the instant case, this objection was not raised in post-trial motions or at the time of sentencing; therefore, it must

strictly enforced. *Commonwealth v. Blair*, 460 Pa. 31, 33, n.1, 331 A. 2d 213, 214, n. 1 (1975), citing Rule 1123 (a), Pa. R.Crim.P. The motions in this case, however, were argued before *Blair*.

be treated as waived. Appellant then argues that the knife and revolver did not meet the definition of prohibited offensive weapon under the Crimes Code. Appellant calls this a sentencing error; actually, it goes to the sufficiency of the evidence and should have been raised in post-trial motions. Appellant finally contends that his convictions for conspiracy and for possessing instruments of crime and prohibited offensive weapons were prohibited by 18 Pa.C.S. §906, which provides that "[a] person may not be convicted of more than one offense defined by this chapter[4] for conduct designed to commit or to culminate in the commission of the same crime." This error was waived by failure to raise it in the court below, even under a restrictive interpretation of the *Tisdale* waiver doctrine because it would involve a factual examination of the trial record to determine which crime or crimes the trial court might have believed that it was the appellant's intention to commit. See *Commonwealth v. Rispo*, 222 Pa. Superior Ct. 309, 294 A. 2d 792 (1972). In any case, the trial court might well have found that the appellant possessed the weapons with the intent to commit assault and battery, for example, whereas the object of the conspiracy was riot and disorderly conduct.

Fourth, appellant argues that the lower court illegally sentenced him to a term of one to two years' imprisonment on the charge of conspiracy (Indictment No. 2126). Under the Crimes Code, §905(a), "[e]xcept as otherwise provided in this section, attempt, solicitation, and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted solicited or is an object of the conspiracy." Appellant argues that as he was convicted of conspiracy to commit disorderly

---

4. Chapter 9, dealing with inchoate crimes. Under the Crimes Code, possessing instruments of crimes, 18 Pa.C.S. §907, and possessing prohibited offensive weapons, 18 Pa.C.S. §908, are classified as inchoate crimes.

conduct, an offense which is at most a misdemeanor of the third degree, 18 Pa.C.S. §5503(b), he cannot be sentenced to more than one year of imprisonment, 18 Pa. C.S. §1104(3). Although there appears to be some controversy as to the exact wording of this indictment, the original Indictment No. 2126 appearing in the record indicates that the appellant was indicted for conspiracy to commit riot as well as disorderly conduct. Riot is classified as a felony of the third degree, 18 Pa.C.S. §5501, carrying a possible sentence of up to seven years' imprisonment. 18 Pa.C.S. §1103(3). The sentence on this count was therefore not illegal.

Judgment of sentence affirmed.