363 A.2d 1223

**COMMONWEALTH of Pennsylvania**

v.

**James Edward JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Sept. 27, 1976.

James Edward Johnson, in pro. per., Thomas P. Ruane, Jr., Public Defender, Uniontown, for appellant.

Conrad B. Capuzzi, Dist. Atty., Uniontown, for appellee.

PER CURIAM:

The question is whether appellant's counsel should be permitted to withdraw. On March 8, 1972, appellant pleaded guilty to a charge of armed robbery. On May 9, 1972, he was sentenced to pay costs and to undergo imprisonment for six to twelve years. No direct appeal was taken. On April 23, 1973, appellant filed a PCHA [1] petition. The petition was denied on February 10, 1975, but appellant was granted leave to appeal *nunc pro tunc*, and counsel appointed to represent him. We conclude that counsel has failed to comply with the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968), and accordingly deny his request to withdraw.

*Anders* and *Baker* require that before counsel may withdraw, he must thoroughly examine the record and determine that his client's appeal is wholly frivolous. *Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1974); *Commonwealth v. Jones*, 451 Pa. 69, 301 A.2d 811 (1973).

> It should be emphasized that lack of merit in an appeal is not the legal equivalent of frivolity. *Anders* "appears to rest narrowly on the distinction between complete frivolity and absence of merit. The latter is not enough to support either a request by counsel to withdraw, nor the granting of such a request by the court." ABA Project on Standards for Criminal Justice, Standards Relating to the Defense Function § 8.3, Commentary at 297 (Approved Draft, 1971).

1. Post Conviction Hearing Act, Act of Jan. 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 et seq.

. . . While it may or may not be true that appellant's prospects on appeal are dim, counsel may not withdraw unless he has determined that his client's case is entirely frivolous. Whether a new trial should be granted must remain a decision for the court, not defense counsel.

*Commonwealth v. Greer, supra,* 455 Pa. at 109, 314 A.2d at 514.

■ Once the determination of frivolity is made, counsel must:

(1) request the court's permission to withdraw, (2) submit with his request a brief referring the court to anything in the record which might arguably support an appeal, and (3) furnish a copy of this brief to his client in time to allow an appeal in propria persona or a request for appointment of new counsel. See *Anders v. California,* supra, 386 U.S. at 744, 87 S.Ct. at 1400; *Commonwealth v. Jones,* supra, 451 Pa. at 73, 301 A.2d at 813–14; *Commonwealth v. Baker,* supra 429 Pa. at 214, 239 A.2d at 203.

*Commonwealth v. Greer,* supra at 108, 314 A.2d at 514.

■ In the brief that counsel submits, counsel must act as an advocate, not as an *amicus curiae. Commonwealth v. Jones, supra. Commonwealth v. Greer, supra.* A brief amounting to an argument in support of affirmance will not be. *Commonwealth v. Greer, supra.*

Here counsel presents two arguable issues: first, that trial counsel was ineffective for not submitting appellant's medical record to the sentencing judge for consideration in determining appellant's sentence; and second, that the plea of guilty was unlawfully induced. The second issue may ultimately be found non-meritorious, but it is not frivolous, for the colloquy preceding the plea of guilty is arguably inadequate.

■ A colloquy must show that a factual basis for the plea exists, and that the defendant understands the nature of the charges against him. *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). Here the only discussion regarding the factual basis and the nature of the charge was as follows:

Q. You understand what you are being charged with here, Mr. Johnson?

A. Yes.

Q. You are charged with the robbery of the Moss' Super Market on January 7th of this year?

A. Yes.

Q. And you are also charged with having a .38 caliber revolver on you at the time of the robbery. You understand the charge?

A. Yes.

■ At sentencing, the court explained the charges and the factual basis more fully. The issue therefore arises: does a fuller explanation at sentencing cure a possibly deficient guilty plea colloquy? Counsel's brief does not address this issue. Instead the brief states that the colloquy was adequate, and in effect argues for affirmance of the judgment of sentence. Thus counsel has not complied with the *Andres-Baker* standard for an advocate's brief. *Commonwealth v. Greer, supra.*

■ Furthermore, the record does not show that counsel has taken the necessary steps to perfect this appeal. No indication appears of record that a petition to withdraw the plea was filed with the court below. *See Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749 (1975); *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975). Counsel should not be allowed to withdraw where the steps necessary to perfect an appeal have not been taken.

Counsel's request to withdraw is denied. The case is remanded to permit appellant to file a motion to with-

draw his guilty plea *nunc pro tunc*. Should appeal to this court be necessary thereafter, counsel should submit a brief on the merits of the guilty plea issue.

PRICE, J., files a dissenting opinion in which WATKINS, President Judge, and VAN der VOORT, J., join.

PRICE, Judge (dissenting).

I believe appellant's counsel should be permitted to withdraw, for I conclude that counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968).

Just as it has often been said that beauty is more than skin deep, so too can that be said of merit. It seems to me that the majority opinion dresses this appeal so that it appears to have merit, however, upon a deeper examination I am convinced that it is frivolous.

Here counsel had examined and presented issues which, it is concluded have no merit. Frivolous is a word that describes a matter of little value or importance, a thing which is trifling, trivial or paltry. *Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1974), states that the distinction between frivolity and lack of merit is crucial. In *practice*, however, I suspect that the distinction is one without a difference.

In addition to a ten page brief filed by counsel, we also have the benefit of a thirteen page Supplemental Brief filed by the appellant himself and an excellent ten page brief filed on appellant's behalf by Marjorie H. Matson, Esq. which was written prior to her withdrawal as counsel and the appointment of present counsel made.

I have no difficulty, therefore, in my conclusion, that advocacy of counsel is indeed present, that the appeal is frivolous and the counsel should be permitted to withdraw.

Since this is an appeal allowed *nunc pro tunc* from a judgment of sentence imposed on May, 9, 1972, I wish to add one further point of departure from the majority opinion. To my view this *nunc pro tunc* appeal is not governed by the procedures of *Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749 (1975); *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975), and therefore the filing of a petition to withdraw is not a step necessary to perfect an appeal.

Not only would I permit counsel to withdraw, but since we have heard from appellant in propria persona and I find no merit to any of the contentions of error, I would affirm the judgment of sentence.

WATKINS, President Judge, and VAN der VOORT, J., join this dissenting opinion.