369 A.2d 436
**COMMONWEALTH of Pennsylvania**
v.
**Terry Clay FISHEL, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 16, 1975.

Decided Nov. 22, 1976.

Thomas Arthur James, Jr., Bloomsburg, for appellant.

No appearance entered nor brief submitted for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appointed counsel seeks to withdraw from prosecuting his client's appeal. Because we conclude that counsel has failed to comply with the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968), we must deny his request to withdraw.

On November 18, 1974, appellant was charged with four counts of forgery,[1] one count of burglary,[2] one count of theft of services,[3] and one count of theft by unlawful taking.[4] The indictment on the count of theft by unlawful taking alleged that appellant took an unknown quantity of blank checks; it did not allege a value. In July, 1975, appellant pleaded guilty to all of the aforesaid charges before the Columbia County Court of Common Pleas. During the guilty plea hearing, the Commonwealth did not offer any evidence as to the value of the checks taken by appellant. Shortly thereafter, the court sentenced appellant as follows: a five-hundred dollar fine and a suspended prison term on the theft of services count and a five-hundred dollar fine and concurrent one-to-three year prison terms on all other charges. Following the imposition of sentence, appellant contacted the Superior Court Prothonotary and indicated that his trial counsel would not file an appeal nor would the Columbia County courts appoint an attorney to prosecute his appeal. The Prothonotary then contacted appellant's trial attorney. Although appellant never directly contacted

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 4101.
2. The Crimes Code, supra; 18 Pa.C.S. § 3502.
3. The Crimes Code, supra; 18 Pa.C.S. § 3926.
4. The Crimes Code, supra; 18 Pa.C.S. § 3921.

him, counsel filed an appeal and submitted a brief containing a request that he be allowed to withdraw his representation.

The Supreme Court in *Commonwealth v. Greer*, 455 Pa. 106, 108, 314 A.2d 513, 514 (1974), recently delineated the applicable standards in passing upon an appointed counsel's request to withdraw: "*Anders* and *Baker* require that before appointed counsel may withdraw, he must thoroughly examine the record and determine whether his client's case is wholly frivolous. If he so determines, counsel must then (1) request the court's permission to withdraw, (2) submit with his request a brief referring the court to anything in the record which might arguably support an appeal, and (3) furnish a copy of this brief to his client in time to allow an appeal in propria persona or a request for appointment of new counsel. See *Anders v. California*, supra, 386 U.S. at 744, 87 S.Ct. at 1400; *Commonwealth v. Jones* [451 Pa. 69, 301 A.2d 811 (1973)]; *Commonwealth v. Baker*, supra, 429 Pa. at 214, 239 A.2d at 203. It should be emphasized that lack of merit in an appeal is not the legal equivalent of frivolity. *Anders* 'appears to rest narrowly on the distinction between complete frivolity and absence of merit. The latter is not enough to support either a request by counsel to withdraw, nor the granting of such a request by the court.' ABA Project on Standards for Criminal Justice, Standards Relating to the Defense Function § 8.3, Commentary at 297 (Approved Draft, 1971)." (footnote omitted). See also *Commonwealth v. Johnson*, 242 Pa.Super. 188, 363 A.2d 1223 (1976).

The brief submitted by counsel in the case at bar raises appellant's claim that his one-to-three year concurrent sentence on the count of theft by unlawful taking was excessive. While this claim ultimately may be found to be non-meritorious, we cannot say that it is wholly frivolous. See *Commonwealth v. Johnson*, supra. If the amount involved in the theft is less than fifty dol-

lars, the offense constitutes a misdemeanor of the third degree [5] and is punishable by a maximum sentence of one year in prison [6] and/or a twenty-five-hundred dollar fine.[7] If the value of the property cannot be satisfactorily ascertained, then its value should be deemed to be an amount less than fifty dollars.[8] See *Commonwealth v. Stauffer*, 239 Pa.Super. 463, 361 A.2d 383 (1976). Appellant argues that there was nothing in the record to establish that the value of the property was greater than fifty dollars. Therefore, the maximum sentence should be a one year prison term and/or a twenty-five-hundred dollar fine, and the one-to-three year concurrent sentence on the count of theft by unlawful taking is excessive. This line of argument has a technical and logical force to it. We certainly cannot say that it is patently frivolous at this stage.[9]

We also must reject any contention that the concurrent nature of the possibly excessive sentence renders appellant's claim wholly frivolous. It is certainly arguable that appellant may suffer prejudice from an illegally imposed concurrent sentence. *Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976). In his brief, counsel failed to discuss the potentially prejudicial aspects of an illegal concurrent sentence. By neglecting this important aspect of the case, counsel may have failed in his duty to act as an advocate and not as an amicus curiae. *Commonwealth v. Greer*, supra; *Commonwealth v. Jones*,

5. The Crimes Code, supra, as amended, Act of June 17, 1974, P.L. 356, No. 118, § 1; 18 Pa.C.S. § 3903.

6. The Crimes Code, supra; 18 Pa.C.S. § 1104(3).

7. The Crimes Code, supra; 18 Pa.C.S. § 1101(5).

8. The Crimes Code, supra, as amended, Act of June 17, 1974, P.L. 356, No. 118, § 1; 18 Pa.C.S. § 3903.

9. Nor can we say at this time that appellant's claim is definitely meritorious. The Commonwealth does not customarily file a response to an appointed counsel's *Anders-Baker* brief. Therefore, we do not have the benefit of the Commonwealth's view of the merits of appellant's claim. Cf. *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975).

supra; *Commonwealth v. Johnson,* supra. Because appellant's claim is not totally devoid of merit and because counsel could have filed a more vigorous advocate's brief, we must deny counsel's petition to withdraw.

Counsel is directed to file a brief consistent with this opinion.

WATKINS, President Judge, and PRICE, J., concur in the result.

VAN der VOORT, J., notes his dissent.