375 A.2d 110

COMMONWEALTH of Pennsylvania

v.

Edward TURNER, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 23, 1976.

Decided June 29, 1977.

Ernest T. Kardas, Assistant Public Defender, Media, for appellant.

Ralph B. D'Iorio, Assistant District Attorney, Media, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFF-MAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

CERCONE, Judge:

The sole issue is whether appellant's appointed counsel should be permitted to withdraw from this direct appeal. We conclude that counsel has not satisfied the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968), and therefore deny his request to withdraw.

On September 30, 1975, appellant was convicted by a jury of numerous criminal offenses.[1] On October 1, 1975, appellant was sentenced[2] as follows: Robbery (Crimes Code § 3701), four-to-twelve years imprisonment plus costs; Theft

---

1. All of the offenses are governed by the Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 101 et seq. (1973). [Hereinafter Crimes Code.]

2. Appellant waived the filing of post-trial motions.

by unlawful taking (Crimes Code § 3921), two-to-five years imprisonment plus costs; Theft by receiving stolen property (Crimes Code § 3925), suspended; Aggravated assault (Crimes Code § 2702), two-to-five years imprisonment plus costs; Simple assault (Crimes Code § 2701), suspended; Recklessly endangering another person (Crimes Code § 2705), one-to-two years imprisonment plus costs; Possessing instruments of crime (Crimes Code § 907), one-to-two years imprisonment plus costs; Crimes committed with firearms (Crimes Code § 6103), one-to-two years imprisonment plus costs; and Possession of Firearms without a license (Crimes Code § 6106), one-to-two years imprisonment plus costs. The sentences were ordered to run concurrently. Appellant then filed an appeal in this Court. Sometime thereafter, appellant's counsel presented his first request for permission to withdraw. We denied the request and entered the following per curiam order:

> "AND NOW, December 20, 1976, counsel for appellant is directed either (1) to file an adequate withdrawal brief meeting the three Anders-Baker requirements set forth in *Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 296 [513] (1974) or, (2) to proceed with the appeal by filing an advocate's brief on the merits."

Pursuant to this order, appellant again seeks permission to withdraw accompanied with a purportedly adequate brief. It is this second withdrawal request and brief which we now review.

█ *Anders* and *Baker* instruct that before counsel may withdraw he must thoroughly analyze the record and conclude that an appeal is wholly frivolous. *Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1974); *Commonwealth v. Jones*, 451 Pa. 69, 301 A.2d 811 (1973); *Commonwealth v. Johnson*, 242 Pa.Super. 188, 363 A.2d 1223 (1976). As pertinently stated in *Commonwealth v. Greer*, 455 Pa. at 108–109, 314 A.2d at 514:

> "*Anders* and *Baker* require that before appointed counsel may withdraw, he must thoroughly examine the record and determine whether his client's case is wholly frivolous.

If he so determines, counsel must then (1) request the court's permission to withdraw, (2) submit with his request a brief referring the court to anything in the record which might arguably support an appeal, and (3) furnish a copy of this brief to his client in time to allow an appeal in propria persona or a request for appointment of new counsel. See *Anders v. California,* supra, at 744, 87 S.Ct. at 1400; *Commonwealth v. Jones,* supra, 451 Pa. [69] 73, 301 A.2d [811] at 813–14; *Commonwealth v. Baker,* supra, 429 Pa. at 214, 239 A.2d at 203. It should be emphasized that lack of merit in an appeal is not the legal equivalent of frivolity. *Anders* 'appears to rest narrowly on the distinction between complete frivolity and absence of merit. The latter is not enough to support either a request by counsel to withdraw, nor the granting of such a request by the court.' ABA Project on Standards for Criminal Justice, Standards Relating to the Defense Function § 8.3, Commentary at 297 (Approved Draft, 1971)." [Footnote omitted.] See also *Commonwealth v. Johnson,* supra.

Instantly, counsel's brief raises [3] the issue that the lower court erred in imposing separate sentences on several charges that may have merged. We are of the opinion that while this issue may ultimately prove non-meritorious, it certainly cannot be deemed wholly frivolous. See *Commonwealth v. Johnson,* supra.

The general rule is that when one crime is a necessary ingredient of another the offenses merge for the purposes of sentencing and, thus, only one punishment may be imposed. *Commonwealth v. McCabe,* 242 Pa.Super. 413, 364 A.2d 338 (1976); *Commonwealth v. Nelson,* 452 Pa. 275, 305 A.2d 369 (1973). "Nevertheless, on several occasions we have held that where the sentence is lawful per se (within statutory limits) and no objection is made in the lower court to the resulting double punishment, we will consider the question as having been waived." *Commonwealth v.*

---

**3.** As will be discussed *infra,* the perfunctory manner in which counsel has addressed this issue was not in accordance with the principles of *Anders* and *Baker.*

*McCabe*, supra, 242 Pa.Super. at 415–416, 364 A.2d at 340. [Citations omitted.] In *Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976), however, the Court ruled that an allegedly unlawful sentence may be challenged on appeal notwithstanding the defendant's failure to object to the sentence in the court below. Obviously, *Walker* casts some doubt upon the vitality of prior decisions holding that a double punishment claim will be treated as having been waived if the sentences are not unlawful on their face and no objection is raised in the lower court.[4] Thus, appellant has an arguable [5]—as opposed to wholly frivolous—issue to raise on this appeal, viz: Has the right to challenge the lawfulness of the sentences been waived? And, if not, were the sentences in fact lawful? Regardless of the ultimate resolution of these issues, it is clear that they cannot be deemed wholly frivolous and, accordingly, counsel's request to withdraw must be denied. *Commonwealth v. Greer*, supra.

■ In addition to the foregoing, we are disposed to deny counsel's request because of the fact that he has not complied with the *Anders-Baker* standard for an advocate's brief. Counsel's brief begins by stating the question involved as:

"Whether or not counsel for appellant should be permitted to withdraw from the case allowing the appellant to proceed in propria persona."

After providing a rather disoriented and confusing recital of the history of the case, counsel proceeds to argue that there are no appealable issues because appellant waived the filing

4. Parenthetically, it is to be noted that in *Commonwealth v. McCabe*, supra, we enunciated a rather limited exception to the principle set forth in *Walker*. The question of whether this exception is applicable to the instant case is not presently before us. We certainly expect, however, that counsel will address this issue in his next brief.

5. Counsel's failure to recognize that this appeal is not entirely frivolous is inexplicable. As noted before, on December 20, 1976, we ordered counsel to file either an adequate withdrawal brief or an advocate's brief on the merits. The decision in *Walker*, supra, was filed on July 6, 1976. Therefore, this is not a situation where a change in the law occurred after counsel's brief was submitted.

of post-trial motions. Counsel further notes that under this Court's holding in *Commonwealth v. Gadson*, 234 Pa.Super. 648, 341 A.2d 189 (1975), appellant has also waived any merger argument regarding the validity of imposing separate, albeit concurrent, sentences on certain convictions. Finally, on the next to last page of the brief, counsel offers his opinion that certain charges did in fact merge and we should reverse the sentences on the allegedly merged offenses notwithstanding the appellant's failure to raise this issue in the lower court.

We conclude that this brief falls short of the advocate's brief mandated by *Anders* and *Baker*. In effect, what counsel has submitted is a hybrid brief which more nearly resembles an *amicus curiae* brief for the Commonwealth than an advocate's brief for appellant. On the one hand, counsel explains that there are no grounds for relief on appeal because of appellant's failure to file post-trial motions and, on the other hand, he suggests, almost as an afterthought, that several of the sentences must be reversed under the doctrine of merger. This procedure does not constitute "advocacy" in the *Anders-Baker* sense. "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae." *Anders v. California*, 386 U.S. at 744, 87 S.Ct. at 1400; *Commonwealth v. Greer*, 455 Pa. at 109, 314 A.2d 513.

In summary then, counsel's request to withdraw is denied because appellant's appeal is not wholly frivolous, and because counsel should have submitted a more vigorous advocate's brief. *Commonwealth v. Fishel*, supra.

Counsel's request for leave to withdraw is denied, and counsel is directed to file an advocate's brief consistent with this opinion.