410 A.2d 854

**COMMONWEALTH of Pennsylvania**

v.

**Sheldon JACKSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed Sept. 21, 1979.

584

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before VAN der VOORT, WIEAND and LIPEZ, JJ.

LIPEZ, Judge:

On May 18, 1977, appellant and a co-defendant approached the victim, who was riding his bicycle on a public street in Philadelphia, and knocked him off of the bicycle. The co-defendant then chased the victim a short distance with a

knife, meanwhile directing appellant to take the bicycle. The victim, in fear of the knife, ran in one direction, and appellant and his co-defendant ran in another. They were apprehended shortly thereafter. Appellant was convicted of robbery,[1] criminal conspiracy,[2] aggravated assault,[3] and possession of an instrument of crime generally.[4]

■ Appellant's argument that conviction of both criminal conspiracy and possession of an instrument of crime generally is prohibited by the Pennsylvania Crimes Code[5] has not been preserved for appellate review because of the appellant's failure to raise the issue in specific written post-trial motions. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975); *Commonwealth v. Gadson*, 234 Pa.Super. 648, 652, 341 A.2d 189, 192 (1975).

■ The judgment of sentence on the conviction of aggravated assault, however, must be vacated. The issue is not one of merger of this offense into the crime of robbery, as appellant contends, but rather, whether the facts of this case come precisely within the Crimes Code definition of robbery.[6] The evidence is insufficient to support convictions for both offenses, because it does not show that the pursuit of the victim by appellant's knife-wielding co-conspirator had any purpose outside of "the course of committing [the] theft" for which appellant was tried and convicted.

■ The cause need not be remanded for resentencing. Appellant was sentenced to eleven and one-half of twenty-three months' imprisonment on the aggravated assault and

1. 18 Pa.C.S. § 3701(a)(1)(ii).

2. 18 Pa.C.S. § 903.

3. 18 Pa.C.S. § 2702(a)(4).

4. 18 Pa.C.S. § 907(a).

5. *See* 18 Pa.C.S. § 906.

6. *See* 18 Pa.C.S. § 3701(a)(1)(ii).

robbery convictions, and to five years' probation on each of the other two, the four sentences to run concurrently. Aggravated assault, under the subsection of the Crimes Code on which sentence was imposed, is a misdemeanor of the first degree [7] while robbery is a felony of the first degree.[8] It is thus clear that sentencing on the invalid conviction did not influence sentencing on the other counts prosecuted simultaneously. *See Commonwealth v. Senyszyn,* 266 Pa.Super. 480, 405 A.2d 535 (1979); *Commonwealth v. Fant,* Pa.Super., 398 A.2d 704 (1979).

Judgment of sentence on Information No. 695 vacated; Judgments of sentence on Informations No. 693, No. 694 and No. 696 affirmed.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

At approximately seven o'clock on the evening of May 18, 1977, Barry Greer, while riding his bicycle on a public street in Philadelphia, was assaulted by appellant and a co-defendant. The co-defendant, holding a knife, punched Greer and thereby caused him to fall from the bicycle. Greer fled, and appellant picked up the bicycle. The co-defendant, still brandishing the knife, pursued the fleeing Greer, but Greer eluded his pursuer. Appellant ran in another direction and took the bicycle with him. Greer subsequently hailed a passing police wagon. Appellant and his co-defendant were found a short time later with the bicycle and were placed under arrest. Appellant was subsequently tried nonjury and convicted of aggravated assault, robbery, criminal conspiracy and possession of an instrument of crime. The majority holds that the facts of the case will not support convictions

---

7. 18 Pa.C.S. § 2702(b). The maximum possible sentence is 5 years. 18 Pa.C.S. § 1104(1).

8. 18 Pa.C.S. § 3701(b). The maximum possible sentence is 20 years. 18 Pa.C.S. § 1103(1).

for both robbery and aggravated assault. I disagree and, therefore, respectfully dissent.

Appellant has argued that the judgment of sentence for aggravated assault should be vacated because robbery "necessarily involves" an aggravated assault and, therefore, the offense of aggravated assault merged into the offense of robbery. The majority rejects the merger argument without discussion but grants relief because it finds the evidence insufficient to convict of both offenses. My reading of the statutory definitions persuades me that the crimes with which appellant was charged required proof of different elements. The aggravated assault with which appellant was charged was not a necessary ingredient of robbery, and the same facts did not necessarily prove both. Therefore, the former did not merge into the latter. *Commonwealth v. Sparrow*, 471 Pa. 490, 503–507, 370 A.2d 712, 718–721 (1977); *Commonwealth v. Hill*, 453 Pa. 349, 310 A.2d 88 (1973); *Commonwealth v. Lezinsky*, 264 Pa.Super. 476, 400 A.2d 184 (1979); *Commonwealth v. Olsen*, 247 Pa.Super. 513, 372 A.2d 1207 (1977). See also: *Commonwealth v. Carter*, 482 Pa. 274, 393 A.2d 660 (1978). My review of the evidence, moreover, discloses sufficient evidence to support the court's finding that appellant was guilty of both offenses.

Appellant was charged and convicted of violating the following sections of the Pennsylvania Crimes Code:

§ 2702.[1] Aggravated assault.

(a) Offense defined.—A person is guilty of aggravated assault if he:

. . . . .

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon.

§ 3701.[2] Robbery.

(a) Offense defined.—

**1.** 18 Pa.C.S. § 2702.

**2.** 18 Pa.C.S. § 3701.

(1) A person is guilty of robbery if, in the course of committing a theft, he:

. . . . .

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury.

From these sections, it can be observed that robbery required proof of a *threat of serious bodily harm*[3] or the putting of Greer in fear of immediate, serious bodily injury. It did not require that serious bodily injury actually be inflicted or even attempted. The charge of aggravated assault, on the other hand, required the Commonwealth to prove an *attempt* to inflict *bodily injury*[4] upon Greer *with a deadly weapon*. An "attempt" is defined by Section 901(a)[5] of the Crimes Code as the doing of an act which constitutes a substantial step toward the commission of a crime which the actor specifically intends to commit.

The evidence was sufficient to show that Greer had been threatened with or put in fear of serious bodily injury in connection with the theft of his bicycle. The fact finder could also find that appellant and his accomplice had, by pursuing Greer with a drawn knife, taken a substantial step toward inflicting bodily injury upon Greer with a deadly weapon and with the specific intent of causing such injury. Even a single act or series of acts may constitute two separate offenses if each offense requires proof of facts additional to or different from those required to prove the other. *Commonwealth v. Grassmyer*, 266 Pa.Super. 11, 402 A.2d 1052 (1979); *Commonwealth v. Ruehling*, 232 Pa.Super. 378, 334 A.2d 702 (1975). Because the trial court could properly find that appellant committed the several crimes of robbery and aggravated assault, I would affirm the convictions and the concurrent sentences imposed therefor.

3. Serious bodily injury and bodily injury are defined separately in 18 Pa.C.S. § 2301.

4. See: Note 3, supra.

5. 18 Pa.C.S. § 901(a).