## Commonwealth *v.* Acosta, Appellant.

Submitted September 10, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Philip M. Cullen,* for appellant.

*Michael H. Ranck,* Assistant District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., November 16, 1973:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division, of Lancaster County, after the defendant, Jose Angel Acosta, entered a plea of guilty to a number of indictments.

He pleaded guilty as the result of a plea bargain by his counsel with the District Attorney. He entered a plea on indictments for burglary, larceny, prison breach and conspiracy. He received sentences totaling four to eight years. Two further indictments charging robbery and conspiracy were nolle prossed. A further charge of prison breach was to be returned to the court and by agreement this sentence would run concurrently with the others.

The appellant now contends that his plea was not voluntarily and intelligently made so that he was denied due process of law and so the guilty pleas must be vacated.

It is reversible error for a trial judge to accept a guilty plea without an affirmative showing that the plea was intelligent and voluntary. *Boykin v. Alabama,*

395 U.S. 238, 23 L. ed. 2d 274, 89 S. Ct. 1709 (1969). A conviction based upon a guilty plea not knowingly and intelligently made is invalid. *U.S. ex rel. Black v. Russell,* 306 F. Supp. 270 (E.D. Pa. 1969), affirmed, 435 F. 2d 546 (3d Cir. 1970), cert. denied, 402 U.S. 947 (1971).

Pennsylvania has decided that a trial judge shall not accept a plea of guilty unless he first determines after inquiry of the defendant that the plea is knowingly and intelligently made. Penna. Rules of Criminal Procedure, 319 provides that this determination be made of record.

The only question directed to the defendant regarding his participation in the crimes charged or his rights at the time of trial were: "THE COURT: You understand that there are four charges here on which you are being sentenced. There isn't any question in your mind that you committed those offenses—is that right? APPELLANT: Yes. THE COURT: Now, if I impose these sentences, you are getting, in my book, a very good arrangement for yourself. I don't want you coming back and saying you didn't understand what was going on here. Now there is no question in your mind that you understand thoroughly what you are agreeing to? APPELLANT: Yes."

The rest of the record colloquy of discussion between the trial court and opposing counsel as to the plea bargaining agreement, the sentence and whether the defendant, a Puerto Rican, understood English, which he said he did. He was also informed of his right to appeal the sentence and his right to counsel.

The issue on this appeal is whether the above colloquy between the court and the defendant is sufficient to determine judicially that the guilty plea was knowingly and voluntarily made.

In *Commonwealth v. Martin,* 445 Pa. 49, 282 A. 2d 241 (1971), the Supreme Court cited with approval a

very detailed colloquy between the trial court and the defendant. There is no doubt that the two questions propounded by the court in our case does not come close in the detailed colloquy in *Martin,* supra.

However, we must determine whether the colloquy was sufficient. In *Commonwealth v. Belgrave et al.,* 445 Pa. 311, 285 A. 2d 448 (1971), the Supreme Court dealt with the problem as to the requirements of the colloquy. In that case the record indicated that defense attorneys had related to the court that they had informed the defendant of the charges, his right to a jury trial, the range of sentence, etc. The court then asked the defendant if he understood counsel's information. The Supreme Court held that such a colloquy was insufficient to provide the basis for an independent judicial conclusion that the defendant intelligently and voluntarily understood the specific acts constituting the crimes charged.

In our case, there is nothing on the record at all to indicate that the defendant was informed of his right to a jury trial as to the range of permissible sentences or as to the specific acts constituting the crime. Thus, in view, of the rule as interpreted by *Belgrave,* supra, we must hold that the record colloquy was insufficient to enable the court below to ascertain judicially that the guilty pleas were knowingly and voluntarily tendered. The court did point out that in its opinion the sentence arranged by the plea bargain was favorable to the defendant and this may very well be true and it may also be true that eventually the withdrawal of these pleas may prove detrimental to the defendant. However this alleged benefit does not prevent the defendant from raising the question before us as to whether the guilty plea was entered knowingly and intelligently.

The judgment of sentence of the court below is directed to be withdrawn and the defendant permitted to withdraw his guilty plea and proceed to trial.

WRIGHT, P. J., would affirm the judgment below.