393 A.2d 817

**COMMONWEALTH of Pennsylvania**

v.

**Tyrone WALKER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided Oct. 20, 1978.

262

Ronald Segal, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HESTER, Judge:

On February 28, 1977, appellant Tyrone Walker was found guilty in the Court of Common Pleas of Philadelphia on charges of Possessing Instruments of Crime generally and robbery. An oral post-trial motion was denied and Sentence imposed. Counsel who represented appellant at trial and on this appeal, now seeks leave to withdraw from further representation. Counsel has filed a brief with this Court in conformance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. Baker,* 429 Pa. 209, 239 A.2d 201 (1968), stating "There are no issues present in the record of the instant case upon which counsel could reasonably base an argument with any chance of securing appellate relief." The Philadelphia District Attorney's Office has not filed a brief in this case, but has instead submitted a letter to this court informing us: "(T)he Commonwealth will not file a brief in response to the

*Anders* brief filed by the Defendant's counsel. The Commonwealth, of course, respectfully reserves the right to respond to any brief or letter which defendant or other counsel may file in this appeal."

■ As we recently stated in *Commonwealth v. Liska*, 252 Pa.Super. 103, 380 A.2d 1303 (1977), at page 1303:

Any discussion of the law on withdrawal of appellate counsel must begin with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In *Anders* the Court sought to resolve the tension between, on the one hand, an appellant who in the hope of winning a reversal of his conviction insists that his appeal be prosecuted, and on the other, court-appointed counsel who believes the appeal frivolous and therefore feels an ethical compulsion to refrain from prosecuting it. This resolution had to be achieved in the context of the appellant's Sixth Amendment right to the effective assistance of counsel. The Court found the equality between an appellant who can afford to retain counsel and one who cannot could only be maintained by assuring that the indigent appellant is appointed counsel who "acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*." 386 U.S. at 744, 87 S.Ct. at 1400. However, the Court concluded that this did not imply a rule that would forbid court-appointed counsel from ever withdrawing, but rather a rule that counsel could withdraw only under very limited circumstances: "Of course, if counsel finds his (client's) case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744, 87 S.Ct. at 1400.

This narrow exception has been commented upon as follows:

The possibility exists in every appeal, by indigent and non-indigent alike, that the defendant will want to raise claims that a lawyer would find lacking in merit. The possibility is particularly relevant to indigents' appeals, however, since the defendant who has selected his own

lawyer and is paying for the service is not likely to reject counsel's advice out of hand. Where counsel has been assigned and receives no compensation from the client, the chances are much greater that the client will take a position independent of, and perhaps in total opposition to, that recommended by the lawyer.

Despite counsel's best effort to find meritorious grounds for appeal and to persuade indigents from appealing on frivolous questions, the ultimate right of the defendant to chart the course means that there will arise situations in which counsel is faced with an appeal in which the entire case, or part of the case, is frivolous. In such circumstances, a variety of responses by assigned counsel has been found. Principal among them is the request for leave to withdraw from the case.

ABA Project on Standards for Criminal Justice, Standards Relating to Criminal Appeals § 3.2, Commentary at 75–77 (Approved Draft, 1970).

And 252 Pa.Super. 106, 380 A.2d at page 1304:

*Anders* has been interpreted and applied by the Pennsylvania Supreme Court in a long line of cases beginning with *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968), with the result that a simple, step-by-step procedure, as outlined by the Supreme Court, has evolved. *Thus in Commonwealth v. Greer, 455 Pa. 106, 314 A.2d 513 (1974), the Court found that the following sequence is constitutionally mandated. First,* counsel must thoroughly examine the record to see if his client's case is wholly frivolous. *Second,* if counsel concludes it is, he must petition the court for permission to withdraw. *Third,* counsel must submit, with his petition to withdraw, a brief referring the court to any part of the record that might arguably support an appeal. *Finally,* counsel must "furnish a copy of this brief to his client in time to allow an appeal in propria persona or a request for appointment of new counsel." 455 Pa. at 108, 314 A.2d at 514.

As stated in *Commonwealth v. Jones*, supra, 451 Pa. [69] at 77, 301 A.2d [811] at 816:

Until counsel has fulfilled all of the requirements of *Anders* and *Baker* this Court must reject his request for permission to withdraw from this appeal. It is only upon completion of his assistance as an *Anders-Baker* advocate that appointed counsel may seek leave to withdraw.

The case before us fails to meet one of the four requirements for permission to withdraw.

In the petition here under consideration, counsel has certified that: "A copy of this brief is being forwarded to Mr. Walker, with instructions that if he wishes to raise any additional arguments or points, he should promptly communicate with this court." This is not enough. In *Commonwealth v. Greer*, supra, our Supreme Court held that under *Anders* and *Baker*, counsel must "furnish a copy of his brief to his client in time to allow an appeal in propria persona or a request for appointment of new counsel." Far from a formality, this third requirement was characterized by the court in *Baker* as "the most important requirement." 429 Pa. at 214, 239 A.2d at 203.

Here the certification does not say either that counsel informed his client of his right to proceed in propria persona or to request appointment of new counsel, or that he informed him of these rights in time for him to exercise them. This is to be regretted, as counsel has complied with the other mandates as set forth in *Commonwealth v. Liska*, supra. His brief discloses that he has thoroughly examined the record in an effort to establish that the within appeal is frivolous; counsel has petitioned the court for permission to withdraw and he has submitted with his petition a brief referring this court to the one portion of the record that might, questionably, support an appeal. Counsel did not, however, comply with the fourth requirement. He failed to include the statement that the foregoing was done in time to permit an appeal in propria persona, or a request for appointment of new counsel and that the Appellant had the right to do so.

A review of this record leads to the conclusion that the within appeal is frivolous.

The within appellant was arrested while in process of robbing a restaurant in the city of Philadelphia at 10:00 P.M. on December 29th, 1976. Appellant had been in that restaurant at 7:00 P.M. the same evening. He had placed an order for take-out food. When it was prepared and presented to him he refused to pay for same, declaring that he was without funds. When he was advised he could not have the food unless it was paid for, he left. Appellant returned to the restaurant at 10:00 P.M. the same evening. He demanded his food from the same employee in the presence of other witnesses. Appellant was again advised that he would have to pay for his purchases before taking them. He again refused. He was then requested to leave the premises. He refused, pulled a revolver and demanded money. An employee disconnected the electric cash register and moved to one side. In the interim the police had been called. Appellant forced open the cash register and removed the money. Upon the arrival of the police the appellant and several employees ran out into the street where the employees struggled with appellant to prevent his escape. Here the appellant held his revolver against one of the employees and threatened to shoot her. He then attempted to escape; the money was scattered on the street; he was carrying what appeared to be a snub-nose revolver. The police never lost sight of him and he was captured across the street behind the field house of St. Joseph's College. He engaged in a struggle with the arresting officer during which he dropped a simulated .38 caliber revolver. He was immediately identified by employees and customers at the restaurant as the hold-up man.

Appellant elected to be tried non-jury. The colloquy was more than adequate. The appellant did not testify. There were no witnesses called in his behalf. He was adjudged guilty. It is difficult to structure a fact situation wherein the guilt of an individual could be more firmly established. A Pre-Sentence Investigation was ordered. The report of that investigation disclosed an extensive criminal record. Appellant had been placed on parole on December 14, 1976.

This incident occurred on December 29th, 1976. Appellant had been out a mere two weeks. He was sentenced to from two to ten years. This appeal followed.

■ The facts developed at the trial of the within appellant could lead to no other conclusion than his guilt. The within appeal, in our judgment, is frivolous. As our Supreme Court held in *Commonwealth v. Perry*, 464 Pa. 272, 346 A.2d 554 (1975):

> As we pointed out in *Commonwealth v. Baker*, supra, *Anders* mandates that counsel who represents an indigent criminal defendant must afford his client a spirited defense and is required to assume "the role of an active advocate in behalf of his client . . . ." *Anders v. California*, supra 386 U.S. at 744, 87 S.Ct. at 1400. He may not assume the role of *amicus curiae*. By the same token, counsel is not required to compromise principle or to act contrary to his own conscience. Hence, if after a conscientious study of the case he concludes an appeal from the judgment imposed on his client is totally without merit and would be wholly frivolous, he should so advise the court and ask permission to withdraw as counsel in the case. But before he may withdraw he must, inter alia, file a brief referring to anything in the record "that might arguably support the appeal." *Commonwealth v. Baker*, supra 429 Pa. at 214, 239 A.2d at 203.

We agree with counsel, the within appeal is frivolous. However, in view of the holding of our Supreme Court in *Commonwealth v. Baker*, supra, we have no choice but to direct counsel to comply with the mandate that he is to furnish a copy of his brief to his client in time to permit an appeal in propria persona or submit a request for the appointment of new counsel, and that appellant be informed of these rights in time for him to exercise them.

For the aforementioned reasons, the petition to withdraw is denied:

AND NOW, October 20, 1978, the petition to withdraw is denied. Counsel is directed either (1) to file an amended request for leave to withdraw that meets in all respects the

requirements of notice to the appellant, see *Commonwealth v. Liska*, 252 Pa.Super. 103, 380 A.2d 1303, 1306 (1977); *Commonwealth v. Scott*, 259 Pa.Super. 254, 393 A.2d 813 (1978), or (2) to proceed with the appeal by filing an advocate's brief on the merits. In either case, counsel is to comply with this order within thirty (30) days, or risk sanctions.

HOFFMAN, J., did not participate in the consideration or decision of this case.