393 A.2d 813

**COMMONWEALTH of Pennsylvania**

v.

**Zachary SCOTT, Appellant.**

Superior Court of Pennsylvania.

Submitted March 31, 1978.

Decided Oct. 20, 1978.

John W. Packel, Assistant Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HESTER, Judge:

On November 22, 1976, appellant Zachary Scott was found guilty in Philadelphia Common Pleas Court on charges of robbery, conspiracy and possession of an instrument of crime. An oral post-trial motion was denied and sentence imposed. The Defender's Association of Philadelphia, who represented appellant at trial and on this appeal, now seeks leave to withdraw from further representation. The Association has filed a brief with this court, purportedly in conformance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968), stating: "There are no issues present in the record on which counsel could reasonably base an argument with any possibility of securing appellate re-

lief."[1] The Philadelphia District Attorney's Office has not filed a brief in this case, but has instead submitted a letter to this court informing us: "(T)he Commonwealth will not file a brief in response to the *Anders* brief filed by the Defender Association. The Commonwealth, of course, respectfully reserves the right to respond to any brief or letter which defendant or other counsel may file in this appeal."

As we recently stated in *Commonwealth v. Liska*, 252 Pa.Super. 103, 380 A.2d 1303 (1977), at page 1303:

Any discussion of the law on withdrawal of appellate counsel must begin with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In *Anders* the Court sought to resolve the tension between, on the one hand, an appellant who in the hope of winning a reversal of his conviction insists that his appeal be prosecuted, and on the other, court-appointed counsel who believes the appeal frivolous and therefore feels an ethical compulsion to refrain from prosecuting it. This resolution had to be achieved in the context of the appellant's Sixth Amendment right to the effective assistance of counsel. The Court found that equality between an appellant who can afford to retain counsel and one who cannot could only be maintained by assuring that the indigent appellant is appointed counsel who "acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*." 386 U.S. at 744, 87 S.Ct. at 1400. However, the Court concluded that this did not imply a rule that would forbid court-appointed counsel from ever withdrawing, but rather a rule that counsel could withdraw only under very limited circumstances: "Of course, if counsel finds his (client's) case to be wholly frivolous,

---

1. The *Anders-Baker* rule seeks to "resolve the tension between, on the one hand, an appellant who in the hope of winning a reversal of his conviction insists that his appeal be prosecuted, and on the other, court-appointed counsel who believes the appeal frivolous and therefore feels an ethical compulsion to refrain from prosecuting it." *Commonwealth v. Liska*, 252 Pa.Super. 103, 380 A.2d 1303 (1977). Counsel is permitted to withdraw, but only after he follows certain delineated steps in preparing and filing the brief. See *Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1974).

after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744, 87 S.Ct. at 1400.

This narrow exception has been commented upon as follows:

The possibility exists in every appeal, by indigent and non-indigent alike, that the defendant will want to raise claims that a lawyer would find lacking in merit. The possibility is particularly relevant to indigents' appeals, however, since the defendant who has selected his own lawyer and is paying for the service is not likely to reject counsel's advice out of hand. Where counsel has been assigned and receives no compensation from the client, the chances are much greater that the client will take a position independent of, and perhaps in total opposition to, that recommended by the lawyer.

Despite counsel's best effort to find meritorious grounds for appeal and to persuade indigents from appealing on frivolous questions, the ultimate right of the defendant to chart the course means that there will arise situations in which counsel is faced with an appeal in which the entire case, or part of the case, is frivolous. In such circumstances, a variety of responses by assigned counsel has been found. Principal among them is the request for leave to withdraw from the case.

ABA Project on Standards for Criminal Justice, Standards Relating to Criminal Appeals § 3.2, Commentary at 75–77 (Approved Draft, 1970).

And 252 Pa.Super. 106, at 380 A.2d page 1304:

*Anders* has been interpreted and applied by the Pennsylvania Supreme Court in a long line of cases beginning with *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968), with the result that a simple, step-by-step procedure, as outlined by the Supreme Court, has evolved. *Thus in Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1974), the Court found that the following sequence is constitutionally mandated. *First*, counsel must thoroughly examine the record to see if his client's case is wholly frivolous. *Second*, if counsel concludes it is, he must

petition the court for permission to withdraw. *Third,* counsel must submit, with his petition to withdraw, a brief referring the court to any part of the record that might arguably support an appeal. *Finally,* counsel must "furnish a copy of this brief to his client in time to allow an appeal in propria persona or a request for appointment of new counsel." 455 Pa. at 108, 314 A.2d at 514.

As stated in *Commonwealth v. Jones,* supra, 451 Pa. [69] at 77, 301 A.2d [811] at 816:

Until counsel has fulfilled all of the requirements of *Anders* and *Baker* this Court must reject his request for permission to withdraw from this appeal. It is only upon completion of his assistance as an *Anders-Baker* advocate that appointed counsel may seek leave to withdraw.

The case before us fails to meet one of the four requirements for permission to withdraw.

In the petition here under consideration, counsel has certified that: "A copy of this brief has been forwarded to appellant, with instructions that if he wishes to engage private counsel, or raise any additional arguments or points, he should promptly communicate with this court." This is not enough. In *Commonwealth v. Greer,* supra, our Supreme Court held that under *Anders* and *Baker,* counsel must "furnish a copy of his brief to his client in time to allow an appeal in propria persona or a request for appointment of new counsel." Far from a formality, this third requirement was characterized by the court in *Baker* as "the most important requirement." 429 Pa. at 214, 239 A.2d at 203.

Here the certification does not say either that counsel informed his client of his right to proceed in propria persona or to request appointment of new counsel, or that he informed him of these rights in time for him to exercise them. This is to be regretted, as counsel has complied with the other mandates as set forth in *Commonwealth v. Liska,* supra. His brief discloses that he has thoroughly examined the record in an effort to establish that the within appeal is frivolous; counsel has petitioned the court for permission to

withdraw and he has submitted with his petition a brief referring this court to the one portion of the record that might, questionably, support an appeal. Counsel did not, however, comply with the fourth requirement. He failed to include the statement that the foregoing was done in time to permit an appeal in propria persona, or a request for appointment of new counsel and that he (the appellant) had the right to do so.

A review of this record leads to but one conclusion: that the within appeal is frivolous in every sense of the word. Frivolous has been defined by Webster as "of little weight or importance; lacking in seriousness; unworthy of serious attention; insignificant, trivial, having no basis in law or fact."

The within appellant was arrested while in the process of robbing an individual in the city of Philadelphia at 1:00 A.M. on August 15, 1976. He was accompanied by a companion who escaped as the police arrived on the scene during the robbery. It was the testimony of the victim that the appellant and his companion apprehended him while he was entering his automobile; that the appellant placed a knife against his side and advised him to play it cool, while the other participant, while holding a gun on him, proceeded to rob him of $68 in currency as well as his watch. At this point, a police car was passing the scene and the victim sounded the horn on his vehicle attracting the attention of the police officer to whom he screamed: "They are holding me up." The officer proceeded to stop his car and apprehend the appellant while the other participant escaped. It is difficult to assume a fact situation wherein the guilt of an individual could be more firmly established. The matter was tried non-jury and a sentence of not less than 3 nor more than 10 years was imposed following a Pre-sentence Investigation. The investigation disclosed a prior criminal record including a conviction of unlawfully and forceably taking money belonging to the United States on January 17, 1974. He was sentenced to six years in prison in a federal institution and was released on parole on July 11, 1975. The within incident occurred August 15, 1976.

The facts developed at the trial of this case could lead to no other conclusion than the guilt of the appellant. This appeal is truly, in every sense of the word, frivolous. However, in view of the holding of our Supreme Court in *Commonwealth v. Baker,* supra, we have no choice but to direct counsel to comply with the mandate that he is to furnish a copy of his brief to his client in time to permit an appeal in propria persona or submit a request for the appointment of new counsel, and that appellant be informed of these rights in time for him to exercise them.

For the aforementioned reasons, the request to withdraw is denied:

AND NOW, October 20, 1978, the request to withdraw is denied. Counsel is directed either (1) to file an amended request for leave to withdraw that meets in all respects the requirements of notice to the appellant, see *Commonwealth v. Liska,* 252 Pa.Super. 103, 108, 380 A.2d 1303, 1306 (1977), or (2) to proceed with the appeal by filing an advocate's brief on the merits. In either case, counsel is to comply with this order within thirty (30) days, or risk sanctions.

SPAETH, J., concurs in the result.

HOFFMAN, J., did not participate in the consideration or decision of this case.