419 A.2d 669

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth MOYER, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed April 3, 1980.

Zanita Zacks–Gabriel, Erie, for appellant.

Michael M. Palmisano, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before SPAETH, HOFFMAN, and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant's counsel asserts that no issues of arguable merit exist for appeal and seeks withdrawal from further representation of appellant. We remand for appointment of new counsel.

On November 17, 1977, a jury convicted appellant of robbery and recklessly endangering another person. In

postverdict motions, appellant raised only sufficiency of the evidence to sustain the verdict. After denying the motions, the trial court sentenced appellant to consecutive terms of imprisonment of 3½ to 7 years for robbery and 1 to 2 years for reckless endangerment. Appellant did not file a petition for reconsideration of sentence. In all these proceedings, counsel from the office of the Public Defender of Erie County represented appellant.

■ In this appeal, counsel from the Erie County Public Defender again represents appellant. Appellate counsel, seeking to withdraw from representation, refers this Court to portions of the record, raises issues that might arguably support an appeal, and concludes that all such issues are frivolous. *See Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1974). The issues discussed are sufficiency of the evidence, various trial rulings, assistance of trial counsel, and sentencing. Because appellant challenged only sufficiency of the evidence in his post–verdict motions, and he did not file a petition for reconsideration of sentence, counsel in this appeal may raise only sufficiency of the evidence and effective assistance of trial counsel. *See Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975) (only issues raised in post–verdict motions preserved for appellate review); *Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978) (although effectiveness of trial counsel not raised in post–verdict motions, issue preserved for appellate review where defendant was represented on post–verdict motions by trial counsel); *Commonwealth v. Walls*, 481 Pa. 1, 391 A.2d 1064 (1978) (waiver of sentencing issues). We do not consider whether appellate counsel may properly withdraw from representation or whether these two issues are frivolous. Instead, we remand for appointment of new counsel.

■ Appellant is represented by counsel from the same office which represented him at trial. Normally, when an appellant so represented on appeal alleges ineffective assistance of trial counsel, the proper course, unless ineffective assistance clearly appears, is to remand for appointment of new counsel not associated with trial counsel. *See e. g.,*

*Commonwealth v. Patrick*, 477 Pa. 284, 383 A.2d 935 (1978). "In such circumstances, it cannot 'be assumed that appellate counsel will provide the zealous advocacy to which an appellant is entitled.'" *Id.*, 477 Pa. at 287, 383 A.2d at 936 (citation omitted).

Similarly, we cannot assume that appellate counsel, reviewing the effectiveness of trial counsel from the same office, has provided the "zealous advocacy to which an appellant is entitled." Were we to conclude that the issues raised in this appeal, including effective assistance of trial counsel, were frivolous, we would do so upon representation deemed inadequate. The need for vigorous advocacy is especially critical in an appeal such as this one, for counsel, if successful, will deprive appellant of representation.

Our decision to remand for appointment of new counsel also expedites review of the appeal. The only other possible course of action is to deny appellate counsel's request for withdrawal and direct counsel to file an advocate's brief. *See Commonwealth v. Greer, supra.* When counsel files such a brief, we would again be precluded from review of the issues because, once more, appellate counsel would be challenging the adequacy of trial counsel from the same office. At that time, we would be required to remand for appointment of new counsel just as we do today. Moreover, only new counsel, through a challenge to the adequacy of trial counsel, can preserve for consideration the issues discussed by appellate counsel in this appeal but not raised in post–verdict motions. *See, e. g., Commonwealth v. Gardner, supra.* Our remand, therefore, not only ensures appellant's right to effective appellate counsel, but also allows full review of all possible issues at the earliest possible time.

Accordingly, we remand for appointment of new counsel not a member of the Erie County Public Defender's Office to represent appellant on the issue of ineffective assistance of trial counsel and any other issue not waived or finally litigated. *See Commonwealth v. Patrick, supra.*

Case remanded for proceedings consistent with this opinion.