446 A.2d 1327

**COMMONWEALTH of Pennsylvania**

v.

**Earl WORTHY, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 26, 1982.

Filed June 18, 1982.

Gerald Thomas Gervasi, Merion, for appellant.

Ann Carol Lebowitz, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, CIRILLO and POPOVICH, JJ.

POPOVICH, Judge:

This appeal is concerned solely with the issue of whether appointed counsel should be permitted to withdraw from the case. We conclude that counsel has not satisfied the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968), and, therefore, we deny counsel's request to withdraw.

In his brief to us, counsel for appellant argues that "Earl Worthy's Appeal has *no merit*[1] either in fact or law, and his rights have not been violated, neither in his initial Trial and

---

1. We note that our Supreme Court has stated on this point that:
   " 'lack of merit in an appeal is not the legal equivalent of frivolity.' *Commonwealth v. Greer*, 455 Pa. 106, 108, 314 A.2d 513, 514 (1974).
   *Anders* 'appears to rest narrowly on the distinction between complete frivolity and absence of merit. The latter is not enough to support either a request by counsel to withdraw, nor the granting of such a request by the court.' " (Citation omitted) *Commonwealth v. McClendon*, 495 Pa. 467, 472, 434 A.2d 1185, 1187 (1981).

Appeal stage, nor in the subsequent Post Conviction Hearing presided over by Honorable Judge Edward J. Blake." (Emphasis added) (Appellant's Brief at 2) At the conclusion of the brief, counsel asks this Court to allow him to withdraw as court-appointed appellate counsel.

■ As the courts of this Commonwealth have stated in the past, before appointed counsel may withdraw from an appeal, he must, after a thorough examination of the record and his determination that the appeal is wholly frivolous, 1) request permission of the court to withdraw; 2) accompany his request with a brief referring to anything in the record that might arguably support the appeal;[2] and 3) *furnish a copy of such brief to the indigent client in time to allow him to present the appeal in propria persona or request appointment of new counsel.* *Anders v. California, supra,* 386 U.S. at 744, 87 S.Ct. at 1400; *Commonwealth v. Baker, supra,* 429 Pa. at 214, 239 A.2d at 203.

■ Instantly, we find that counsel requesting withdrawal failed to satisfy the third *Anders-Baker* requirement—"indeed the most important," *Commonwealth v. Baker, supra,* 429 Pa. at 214, 239 A.2d at 203—notification of his client. Counsel's brief merely contains a certification that copies of his "Petition to Withdraw as Counsel together with accompanying Briefs" were served on the appellant. However, here the certification does not say either that counsel informed his client of his right to proceed in propria persona or to request appointment of new counsel, or that he informed him of these rights in time for him to exercise them.

---

**2.** For edification purposes, we note that the second prong of this tripartite test has been interpreted to mean that where counsel has in good faith satisfied his obligation to fully study the record and found the appeal to be wholly frivolous, he need not do more. In accordance therewith, our Supreme Court has "reject[ed] the view that [counsel's] explanation of why there is no basis for an appeal should be interpreted as reflecting counsel's lack of concern in the client's cause. Nor can that fact be assigned to a reason for concluding that the client did not receive this constitutionally protected right of representation." *Commonwealth v. McClendon, supra,* 495 Pa. at 474, 434 A.2d at 1188. *Accord Commonwealth v. Reese,* 293 Pa.Super. 44, 437 A.2d 982 (1981).

Thus, counsel did not comply with the notice requirement. *Commonwealth v. Walker*, 259 Pa.Super. 260, 393 A.2d 817 (1978).

Once appellate counsel has met *all* of the requirements attendant to his request to withdraw, "[a]t that point it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact *wholly frivolous.*" (Emphasis added) *Commonwealth v. McClendon*, 495 Pa. 467, 471, 434 A.2d 1185, 1187 (1981). To do otherwise in the instant case, given the facts, would not only be premature, but would be in derogation of the mandate in *Anders.* This we will not do. Thus, since counsel has failed to comply with the constitutional requirements for withdrawal from this case, the petition to withdraw is denied. *See Commonwealth v. Dabrowski*, 296 Pa.Super. 515, 442 A.2d 1170 (1982). Counsel is directed to file an amended request for leave to withdraw that meets in all respects the requirements of notice to the appellant. *See Commonwealth v. Scott*, 259 Pa.Super. 254, 393 A.2d 813 (1978); *Commonwealth v. Liska*, 252 Pa.Super. 103, 380 A.2d 1303 (1977). Counsel is to comply with this order within thirty (30) days or risk sanctions.

Petition to withdraw is denied.

CIRILLO, J., files concurring opinion.

CIRILLO, Judge, concurring:

While I concur in the result reached by the majority, I do not subscribe to both of the reasons set forth to achieve the result.

I fully agree that counsel for the appellant should not be permitted to withdraw from this case because of counsel's failure to timely inform the appellant of his right either to proceed in propria persona or to request appointment of new counsel. However, I do not adopt the position that court-appointed counsel should be bound to file and brief an appeal which counsel believes is totally without merit.

In 1968, our Supreme Court, in the case of *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201, held that before counsel may withdraw from the case he must file a brief referring to anything in the record "that might arguably support the appeal." See also, *Commonwealth v. Perry*, 464 Pa. 272, 346 A.2d 554 (1975).

However, in the 1981 case of *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185, in an Opinion by Justice Nix, the Supreme Court stated the following:

> The dilemma created by the *Perry* reasoning becomes apparent when we consider the definition of the term "wholly frivolous" adopted by this jurisdiction. *Commonwealth v. Greer*, (citations omitted). If the *Greer* definition of "wholly frivolous" means that there are no points present that "might arguably support an appeal" counsel is saddled with an impossible burden, if he is nevertheless required to file a brief containing arguments that are nonexistent. If on the other hand, there are claims of arguable merit, even though counsel may not have any confidence in them, under *Greer* the appeal is not "wholly frivolous" and counsel is not entitled to seek leave to withdraw. *Commonwealth v. Greer*. Thus following the *Perry* rationale to its logical conclusion the right of counsel to seek leave to withdraw would be illusory. We do not believe that such a result was ever intended by the United States Supreme Court.

495 Pa. 472–73, 434 A.2d at 1188.

Where an accused is entitled to a counselled appellate review, that right should not be denied or diminished solely because of indigency. See *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). However, *Anders* does not require that counsel be forced to pursue a wholly frivolous appeal just because his client is indigent. *Commonwealth v. McClendon*, supra, 495 Pa. 472–73, 434 A.2d at 1188. If a skilled trial lawyer, in his considered judgment, holds the good faith conviction that an appeal is frivolous or that the filing of an appeal would offend his conscience, he can do no more. The courts should not then force him

to do that which privately-hired defense counsel would not be required to do, simply because the lawyer has been appointed by the court. It should not be the policy of the judicial system to encourage groundless appeals which merely waste the courts' time.

The basis for caution in permitting court-appointed counsel to withdraw from a case is the need to assure that the appellate rights of a defendant are not waived without his knowledge. As long as withdrawing counsel informs the defendant of his appellate rights, including the right to request new court-appointed counsel, the actual filing and briefing of an appeal is unnecessary to preserve the defendant's rights.