457 A.2d 544

**COMMONWEALTH of Pennsylvania**

v.

**William T. BRADLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted May 24, 1982.

Filed March 11, 1983.

Gilbert E. Toll, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WIEAND and BECK, JJ.

BROSKY, Judge:

Counsel for appellant has filed a brief containing a request that he be permitted to withdraw from the case. Because we find that counsel has not met the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968), we deny said request.

Appellant pleaded guilty to multiple burglary and robbery counts in 1977. He was sentenced to terms of imprisonment of 15 to 30 years and 20 years of current probation. Prior to the filing of this appeal pro se, appellant had been represented by the Defender Association of Philadelphia. After his appeal was filed, present counsel was appointed.

In his brief, appellant's counsel first presents the argument that appellant's guilty plea was invalid. He then argues that he should be permitted to withdraw as counsel because the claim advanced by appellant as to his guilty plea is without merit.

We note initially that recently our Supreme Court said: This court has also noted "that lack of merit in an appeal is not the legal equivalent of frivolity." *Commonwealth v. Greer*, 455 Pa. 106, 108, 314 A.2d 513, 514 (1974).

> *Anders* 'appears to rest narrowly on the distinction between complete frivolity and absence of merit. The latter is not enough to support either a request by counsel to withdraw, nor the granting of such a request by the court.' (Citation omitted.)

*Commonwealth v. McClendon*, 495 Pa. 467, 471, 434 A.2d 1185, 1187 (1981).

Appellant's counsel does not allege that the appeal is totally frivolous.

The facts of this case are very similar to those before this court in *Commonwealth v. Worthy*, 301 Pa.Super. 46, 446 A.2d 1327 (1982). We found that counsel had erred in not furnishing a copy of his brief to the indigent client in time to allow him to present the appeal in propria persona or request appointment of new counsel. See *Anders, supra,* which establishes that counsel must give his client a copy of such a brief.

In *Worthy*, we discussed this issue as follows:

Instantly, we find that counsel requesting withdrawal failed to satisfy the third *Anders-Baker* requirement— "indeed the most important," *Commonwealth v. Baker, supra,* 439 Pa. at 214, 239 A.2d at 203—notification of his client. Counsel's brief merely contains a certification that copies of his "Petition to Withdraw as Counsel together with accompanying Briefs" were served on the appellant. However, here the certification does not say either that counsel informed his client of his right to

proceed in propria persona or to request appointment of new counsel, or that he informed him of these rights in time for him to exercise them. Thus, counsel did not comply with the notice requirement. *Commonwealth v. Walker*, 259 Pa.Super. 260, 393 A.2d 817 (1978).

Counsel in the present appeal certified only that he had served a copy of the brief upon the district attorney. No mention is made of appellant having been given one. Our examination of the record discloses no evidence that appellant has been informed of his attorney's request to withdraw or of the rights which he has. Therefore, because counsel has not complied with the constitutional requirements for withdrawal, the petition to withdraw is denied.

Counsel is directed to file an amended request for leave to withdraw that meets in all respects the requirements of notice to the appellant. See *Worthy, supra,* and cases cited therein.

Request to withdraw is denied.

WIEAND, J., files dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully dissent. The present appeal is wholly frivolous. It was filed pro se from a judgment of sentence entered following counseled pleas of guilty to multiple charges of burglary and robbery. The present appeal was filed without prior petition to withdraw the pleas of guilty [1]

---

1. Pennsylvania Rule of Criminal Procedure 321 sets forth the requisite procedure for challenging a guilty plea. Appellate decisions have made compliance with this rule mandatory. *Commonwealth v. Johnson,* 258 Pa.Super. 214, 392 A.2d 760 (1978). Thus, prior to filing an appeal in this Court, an appellant must file with the trial court a petition for withdrawal of his guilty plea. A waiver will be found where no such petition has been filed, provided the record affirmatively demonstrates that appellant has been advised of the right to petition, the right to assistance of appointed counsel, and the consequences of failure to file such a petition. The record in this case demonstrates that appellant was fully and properly advised.

or for reconsideration of sentence. When the trial court entered an order under Pa.R.A.P. 1925(b) directing the filing of a statement of matters complained of on appeal, neither appellant nor his counsel responded.[2] Thus, the adequacy of the guilty plea colloquy has not been considered by the trial court. From this it can readily be seen that there are no issues which have been properly preserved for appellate review.

Moreover, if I assume *arguendo* that a challenge to the validity of the guilty plea is properly before us on this direct appeal, I would be compelled to find it wholly lacking in merit. The guilty plea colloquy was impeccable. Both counsel and the trial court assiduously complied with the mandates of *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974) and Pa.R.Crim.P. 319.

Therefore, I would affirm the judgment of sentence. The alleged inadequacy of the guilty plea colloquy has been argued in an advocate's brief filed by appellate counsel, and his stewardship in failing to file a statement of matters complained of on appeal can be examined if and when the issue is properly raised. Meanwhile, I can perceive no practical reason for keeping alive this frivolous appeal merely because counsel added a paragraph to his brief in which he stated that he wished to withdraw as appellant's counsel.

2.  In *Commonwealth v. Silver*, 499 Pa. 228, 238, 452 A.2d 1328, 1333 (1982), the Supreme Court discussed the waiver provision of Rule 1925(b). Noting that "[t]he statement provided for therein is intended to aid the trial court in the preparation of an opinion where the basis of an appeal is unclear [,]" the Court went on to state that: "The waiver provision of the Rule is properly invoked only where failure to file a statement or omission from a statement of issues raised on appeal defeats effective appellate review."