467 A.2d 826

**COMMONWEALTH of Pennsylvania**

v.

**William T. BRADLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted May 24, 1982.

Filed Oct. 14, 1983.

See also, 457 A.2d 544.

Gilbert E. Toll, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WIEAND and BECK, JJ.

BROSKY, Judge:

In this case we must determine whether appellant's counsel's request to withdraw from representation of Mr. Bradley should be granted. Because we have concluded that the appeal is wholly frivolous and that counsel has complied with the requirements of *Anders*[1] and *McClendon*[2], we grant the request to withdraw and affirm the judgment of sentence.

On October 4, 1977 appellant entered pleas of guilty to a series of burglaries and robberies in Philadelphia. He was sentenced to terms of imprisonment totaling fifteen to thirty years, with a twenty year concurrent probationary term. The sentence was to be served concurrently with sentences on other unrelated charges.

No petition to withdraw the guilty plea was filed, but appellant did file the present appeal pro se. Appellant had been represented by the Defender Association of Philadelphia. When this appeal was filed, present counsel was appointed.

In his brief counsel explains that although he made numerous requests that appellant inform him of matters complained of on appeal, appellant never supplied such information and in fact appellant never suggested to him that he wished to withdraw his guilty plea, that his counsel was ineffective, that he did not understand his rights, that he did not intend to plead guilty or that the sentence was improper. Consequently, no statement of matters complained of was filed. We could, of course, consider the failure to comply with a direction to file such a statement, a waiver of all claims. See Pa.R.A.P. 1925(b).

Before deciding whether counsel's request to withdraw should be granted we must first determine whether he has complied with the following requirements of *McClendon*, *supra*. They are: 1) counsel must have notified appellant

1. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2. *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981).

of his request to withdraw; 2) counsel must furnish appellant with a copy of his *Anders* brief; 3) counsel must have advised appellant of his right to retain new counsel or raise any points he may deem worthy of his consideration in a *pro se* brief. See also *Commonwealth v. Walker*, 311 Pa.Super. 213, 457 A.2d 571 (1983), *Commonwealth v. Worthy*, 301 Pa.Super. 46, 446 A.2d 1327 (1982).

Although the first request filed by counsel did not satisfy all of these requirements [3], the amended brief has complied with the *McClendon* standard.

The right to withdraw is tied to a finding by this court that the appeal is wholly frivolous. *Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1974). We have examined the record and agree with counsel's conclusion that the instant appeal is wholly frivolous.

On examination of the record in its entirety shows that the lower court held a colloquy during which it elicited from appellant the information which met the guidelines established in the comment to Pa.R.Crim.Proc. 319.

Indeed in his *Anders* brief counsel does not argue that those requirements are lacking, but that appellant was not adequately advised of his right to be free of self-incrimination.[4]

In *Commonwealth v. Martin*, 445 Pa. 49, 282 A.2d 241 (1971) our Supreme Court cited with approval a guilty plea colloquy in which the court did specifically inform the defendant of his right to go to trial and not testify. The defendant was also told that no inference of guilt could be drawn from his election to remain silent.

3. See *Commonwealth v. Bradley*, 311 Pa.Super. 160, 457 A.2d 544 (1983).

4. Counsel argues that although the issue of propriety of the guilty plea has been waived due to appellant's failure to file a motion to withdraw, (See Pa.R.Crim.Proc. 321; *Commonwealth v. Harris*, 492 Pa. 381, 424 A.2d 1242 (1981)), that previous counsel was ineffective in not filing such a motion. However, as we conclude that a challenge to the plea colloquy would have been frivolous, we will not find previous counsel ineffective.

The colloquy in the instant case was not as clear in this regard as was the exchange quoted in *Martin,* Id. Nonetheless, it was extensive and adequately informed appellant of the rights he was waiving by pleading guilty.

Indeed, the colloquy indicates that the guilty plea was entered in a plea bargain arrangement which was explained to appellant and what was effectuated.

Under these circumstances, we grant counsel's request to withdraw.

Judgment of sentence affirmed.