J-S52018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                  :            PENNSYLVANIA
                                                  :

            v.                                   :
                                                :
                                                :

TANIA A.A. BOOZER                     :
                                                :

           Appellant                  :      No. 492 EDA 2018

Appeal from the Judgment of Sentence January 22, 2016,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0005854-2012.

BEFORE: OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:         **FILED OCTOBER 31, 2019**

Tania A.A. Boozer appeals from the judgment of sentence imposed following her conviction of first-degree-murder and conspiracy. Boozer's court-appointed appellate counsel, George S. Yacoubian, Jr., Esquire, seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), as refined by ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Additionally, Boozer's privately-retained counsel has filed an application for post-submission communication, and an application for extension of time to file a response to the ***Anders*** brief. Upon review, we grant Attorney Yacoubian's petition to withdraw, deny private counsel's applications, and remand for the trial court to appoint replacement counsel who shall file either an advocate's brief or a brief and letter that comply with the mandates of ***Anders*** and ***Santiago***.

In 2016, a jury found Boozer guilty of the above-mentioned crimes.[1] She was sentenced to life imprisonment without the possibility of parole. Boozer's counsel filed an untimely notice of appeal, and this Court quashed the appeal. Boozer's counsel also filed a petition to withdraw from representation. Boozer then filed a *pro se* PCRA petition. The trial court appointed Attorney Yacoubian as replacement counsel, and he filed an amended PCRA petition seeking reinstatement of Boozer's direct appeal rights *nunc pro tunc*. As a result, her direct appeal rights were reinstated. Attorney Yacoubian then petitioned to withdraw from representation after accepting a civil law position. The court appointed replacement counsel, who also petitioned to withdraw due to a conflict of interest.

Ultimately, Attorney Yacoubian was reappointed as Boozer's appellate counsel on November 25, 2018.[2] On February 22, 2019, he filed a motion for extension of time to file an appellant's brief. This Court granted an extension of time until May 6, 2019, to file an appellant's brief. On May 3, 2019, Attorney Yacoubian filed a petition to withdraw and an **Anders** brief. He also sent a letter to Boozer, advising her of his actions and attaching those documents.

---

[1] Because the facts of the case are irrelevant to our disposition, we need not discuss them here.

[2] It is unclear from the record why the trial court reappointed Attorney Yacoubian as Boozer's replacement counsel, as he claimed that he accepted a civil position a few months prior.

Boozer thereafter filed an application to proceed *pro se*. She also filed a motion to compel, noting, *inter alia*, that the letter which Attorney Yacoubian sent to her did not comply with **Anders**. This Court denied Boozer's motion to compel, but entered an order directing Attorney Yacoubian to send Boozer a revised letter that complied with **Anders**.[3] This Court also granted Boozer an extension of time until October 1, 2019, to file a response to Attorney Yacoubian's petition to withdraw and the **Anders** brief. After that deadline expired, Boozer retained private counsel, who sought leave to file a response to the **Anders** brief by filing both an application for post-submission communication and an application for extension of time to file a responsive brief.

As a preliminary matter, we address Attorney Yacoubian's petition to withdraw as counsel. "When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). In order for counsel to withdraw from an appeal pursuant to **Anders**, certain procedural and substantive requirements must be satisfied. Our Supreme Court has determined that counsel must meet the following three procedural requirements to withdraw from representation:

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has

---

[3] Attorney Yacoubian did send a revised letter; however, as we discuss **infra**, that letter did not comply with **Anders**.

determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (citation omitted). Once counsel has satisfied the ***Anders*** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018).

In his petition to withdraw, Attorney Yacoubian does not indicate that "after a conscientious examination of the record, [he] finds the appeal to be wholly frivolous;" however, he does indicate that he "reviewed correspondences from [Boozer], the docket sheet, all relevant transcripts, and the common law and believes that any direct appeal claims would be frivolous." Petition to Withdraw, 5/3/19, at 2. Thus, we deem his petition to be minimally compliant with ***Anders***.

However, the revised letter that Attorney Yacoubian sent to Boozer attaching copies of the petition to withdraw and the ***Anders*** brief still did not correctly advise Boozer of her rights. In that letter, Attorney Yacoubian stated:

> After a review of all of the relevant materials in your case, I have filed the enclosed ***Anders*** brief, asking Superior Court to dismiss your direct appeal as frivolous. This does mean you lose your PCRA rights. If and when your direct appeal is denied or

dismissed, you can then pursue a claim of ineffectiveness of trial counsel. Please note that, in the event your appeal is dismissed pursuant to **Anders**, you will no longer be eligible for court-appointed counsel but could represent yourself or retain counsel. This right is also articulated within the enclosed **Anders** brief (pages 5 and 6).

Revised **Anders** Letter, 8/16/19, at 1.

First, the revised letter incorrectly suggests that, simply because Attorney Yacoubian filed an **Anders** brief, Boozer's PCRA rights were lost. This is simply not an accurate statement of the law. Additionally, the letter incorrectly states that "in the event your appeal is **dismissed** pursuant to **Anders**," Boozer then "could represent [her]self or retain counsel." **Id**. (emphasis added). In truth, upon the **filing** of the petition to withdraw and **Anders** brief, Boozer had the **immediate** right to retain private counsel or proceed *pro se* to raise additional arguments that she deems worthy of this Court's attention. She was not required to wait until her appeal was actually dismissed to do so. Accordingly, because Attorney Yacoubian's revised letter did not accurately advise Boozer of her rights, it did not satisfy the procedural requirements of **Anders**.

We next examine the **Anders** brief to determine whether it satisfies the substantive mandates prescribed in **Santiago**. As our Supreme Court has clarified:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is

frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Here, the **entirety** of Attorney Yacoubian's one-paged discussion consists of the following conclusory statements:

A. The Commonwealth established beyond a reasonable doubt that a first-degree murder was committed, and the evidence, though entirely circumstantial, was sufficient to convict [Boozer] of murder of the first degree and conspiracy to commit murder of the first degree. A claim of legal insufficiency would be frivolous.

B. The speedy trial claim is frivolous.

C. [Boozer's] claim that she should not have been allowed to withdraw her guilty plea is frivolous.

D. Aside from the Rule 600 claim and the motion to withdraw her guilty plea (which was granted), there were no pre-trial motions.

E. Having been convicted of murder of the first degree, [Boozer's] life sentence was legal.

F. While there may have been issues related to effectiveness of trial counsel, [Boozer] retains the right to claim same through PCRA.

*Anders* Brief at 7.

Based upon our examination of Attorney Yacoubian's *Anders* brief, we conclude that he has not complied substantially with the requirements established by *Santiago*. The *Anders* brief does not provide a summary of

the factual history of the case with citations to the record.[4]  Nor does the *Anders* brief refer to anything in the record that Attorney Yacoubian believes arguably supports the appeal.[5]  He states no reasons for concluding that the appeal is frivolous.  *See Santiago*, 978 A.2d at 360 (holding that "a discussion of counsel's reasons for believing that the client's appeal is frivolous is mandatory and must be included in counsel's brief").

Without satisfying these requirements, we are not assured, as *Anders* requires, that Attorney Yacoubian fully performed his duty as Boozer's advocate to independently search the record as a trained advocate with an eye to uncovering appealable error, before concluding that her appeal was frivolous.  Although an appellant's counsel is not required to advocate strongly in favor of issues he believes are frivolous, "[a] brief that essentially argues for affirmance is unacceptable."  *Commonwealth v. Vilsaint*, 893 A.2d 753, 758 (Pa. Super. 2006) (citing *Commonwealth v. Greer*, 314 A.2d 513, 515

---

[4] Although the *Anders* brief does contain a brief procedural summary of the case, that summary is woefully inadequate to appraise this Court of the relevant procedural history of the case.  Notably, the procedural history provided in the *Anders* brief makes no mention of a withdrawn guilty plea, or any delays or continuances that would bear upon a Pa.R.Crim.P. 600 claim.

[5] As phrased, it is unclear from the *Anders* brief whether all (or merely some) of the issues deemed frivolous by Attorney Yacoubian were claims that Boozer requested to be raised on appeal.  As our Supreme Court has explained, "[t]he universe of potential claims is not limited to those claims and testimony that counsel's unschooled client believes the court should consider."  *Santiago*, 978 A.2d at 360.  For this reason, *Anders* requires that counsel fully perform his duty as an advocate to *independently* search the record as a trained advocate with an eye to uncovering appealable error.  *Id*.

(Pa. 1974)). In this case, Attorney Yacoubian has done nothing more than present conclusory statements supporting affirmance of the verdict.

Because Attorney Yacoubian's revised letter to Boozer and his brief did not comply with **Anders**, we would ordinarily deny his petition to withdraw, and remand this matter so he could file either an advocate's brief or an **Anders** brief and a letter that fully comply with the requirements detailed above. However, given Attorney Yacoubian's second deficient performance, we grant his petition to withdraw, and remand for the trial court to appoint replacement counsel for this direct appeal. Replacement counsel shall have 45 days from the date of his or her appointment to file either an advocate's brief or an **Anders** brief. The Commonwealth may file a brief in response 30 days thereafter.

Further, as we find Attorney Yacoubian's **Anders** brief deficient, Boozer's private counsel need not file a response thereto. Accordingly, we deny as moot private counsel's application for post-submission communication, and application for extension of time to file brief.

Petition to withdraw granted. Application for post-submission communication and application for extension of time to file brief denied. Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10//31/19</u>