J-S01043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LANCE ALLEN MOSER JR., | : | |
| | : | |
| Appellant | : | No. 1409 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 25, 2018
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002719-2017

BEFORE:   BOWES, J., KUNSELMAN, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.:                    Filed: March 23, 2020

Lance Allen Moser Jr. (Appellant) appeals *nunc pro tunc* from his July 25, 2018 judgment of sentence of five to twelve months of imprisonment, which the trial court imposed after revoking his probation.   Appellant's counsel has filed a petition to withdraw as counsel and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), as refined by ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).   Upon review, we deny counsel's petition without prejudice and remand for further proceedings consistent with this memorandum.

The procedural background underlying this matter can be summarized as follows.   On May 18, 2017, Appellant pled guilty to one count each of

---

[*] Retired Senior Judge assigned to the Superior Court.

disorderly conduct and false identification to a law enforcement officer, and was sentenced to a term of one year of probation. On August 6, 2017, while on probation, Appellant was arrested and charged with simple assault and institutional vandalism. On February 2, 2018, Appellant pled guilty to both offenses. At the **Gagnon II**[1] hearing, on July 25, 2018, Appellant stipulated to violating the terms of his probation. The court then revoked Appellant's probation and sentenced Appellant to a term of five to twelve months of imprisonment.

Appellant *pro se* untimely filed a motion seeking modification of sentence on August 8, 2018, and a petition for early parole on August 16, 2018, which were treated together as a petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Counsel was appointed, and counsel filed an amended PCRA petition seeking reinstatement of Appellant's direct appeal rights *nunc pro tunc*. The PCRA court granted Appellant's petition to reinstate Appellant's direct appeal rights. On April 29, 2019, this timely-filed appeal followed.

In lieu of a concise statement pursuant to Pa.R.A.P. 1925(b), counsel filed notice of intent to file an **Anders** brief pursuant to Pa.R.A.P.

---

[1] "A **Gagnon I** hearing is a pre-revocation hearing to determine if probable cause exists that a violation was committed. After this determination is made, a **Gagnon II** hearing is conducted where the Commonwealth is required to establish that the defendant did violate his parole/probation." **Commonwealth v. Stafford**, 29 A.3d 800, 802 n.1 (Pa. Super. 2011) (citation omitted); *see also* **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

1925(c)(4). Because Appellant did not raise any claims before the trial court, rather than filing an opinion pursuant to Pa.R.A.P. 1925(a), the trial court filed an order transmitting the record to this Court and asking this Court to dismiss Appellant's appeal and affirm his judgment of sentence.

In this Court, Appellant's counsel filed both a petition to withdraw as counsel and an *Anders* brief. Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has clarified portions of the *Anders* procedure as follows.

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) **refer to anything in the record that counsel believes arguably supports the appeal**; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361 (emphasis added).

Counsel has failed to satisfy all of these requirements. Specifically, counsel has failed to meet the second requirement outlined in *Santiago*. In his brief, Appellant's counsel argues that he has failed to discover any meritorious issues that can be raised on appeal, and therefore, the appeal is frivolous. *Anders* Brief at 9. In fact, the only issue that counsel appears to raise is a challenge to the discretionary aspects of Appellant's sentence,[2] but counsel's *Anders* brief does not refer to anything in the record that counsel believes arguably supports the appeal. Counsel merely presents arguments

---

[2] Counsel failed to include a Pa.R.A.P. 2119(f) statement. *See* Pa.R.A.P. 2119(f) ("[a]n appellant who challenges the discretionary aspects of a sentence … shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence"). *Cf. Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) ("Where counsel files an Anders brief, this Court has reviewed the matter even absent a separate [Rule] 2119(f) statement."). Therefore, "we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." *Zeigler*, 112 A.3d at 661.

that promote affirmance of the trial court's rulings by explaining how the sentence is appropriate. *Id.* at 7-8.

Although an appellant's counsel is not required to advocate strongly for issues he or she believes are frivolous, "[a] brief that essentially argues for affirmance is unacceptable." ***Commonwealth v. Vilsaint***, 893 A.2d 753, 758 (Pa. Super. 2006) (citing ***Commonwealth v. Greer***, 314 A.2d 513, 515 (Pa. 1974)). "A proper ***Anders*** brief does not explain why the issues are frivolous and does not develop arguments against the appellant's interest," but rather, "articulates the issues in neutral form, cites relevant legal authorities, references appropriate portions in the record to aid our review, and concludes that, after a thorough review of the record, the appeal is wholly frivolous." ***Santiago***, 978 A.2d at 351-52, *citing* ***Anders***, 386 U.S. at 738 (citations omitted). Here, counsel has done nothing more than present arguments that support affirmance of Appellant's sentence. Therefore, upon review, we conclude that counsel has failed to satisfy the technical requirements of ***Anders***.

Accordingly, we deny counsel's petition to withdraw and remand this case for further proceedings consistent with this memorandum. After review of the entire record, counsel shall file either an advocate's brief or a new petition to withdraw and ***Anders*** brief that fully comply with the requirements detailed above.

Petition to withdraw denied. Case remanded with instructions. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/23/20